### JOHNSTON *vs.* GLASGOW & HARRISON.

It is not necessary to the validity of a judgment by confession that a declaration should be filed.
All that the party taking the judgment has to show, is, by his affidavit, that there is no collusion between himself and the defendant.

THIS was a judgment by confession, in Pulaski Circuit Court, at March term, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Glasgow & Harrison filed a warrant of attorney executed by Johnston, empowering F. W. Trapnall, Esq., to confess judgment for him in favor of G. & H. With the power of attorney, two notes, one for $1000, and the other for $2000, executed by Johnston, and the affidavit of Trapnall, were filed. The affidavit was in these words: "I, F. W. Trapnall, state on oath, that the above debts of John W. Johnston to Glasgow & Harrison are justly due, and that there is no fraud in the transaction, previous to entering the confession of judgment." The affidavit was duly sworn to in open court. The warrant of attorney was full—explicitly describing each note—Johnston brought error.

*Ashley & Watkins,* for plaintiff.

*Trapnall & Cocke,* contra.

*By the Court,* LACY, J. In this case, there is a regular confession of judgment by a properly constituted attorney, acting under his au-

thority. The letter of Glasgow & Harrison is in no manner connected with Johnston's power of attorney, and consequently can neither restrain nor limit the power. The attorney, in confessing the judgment, acted in conformity with the power. There is no declaration filed in the cause. This the statute does not require. All that the party has to do in taking the judgment, is to show by his affidavit, that there is no collusion between himself and defendant. This requisite has been complied with. The judgment being taken by confession, the act expressly releases all errors, with or without process. *Rev. St. chap.* 116, *sec.* 139, *p.* 639. Judgment affirmed.

*Ashley & Watkins* filed a petition for rehearing, which, at January term, 1844, was overruled.